**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Phillip Beamon

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PHILLIP BEAMON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

F10 FINANCIAL GROUP, LLC. D/B/A OPTIMAL DEBT SOLUTIONS,

Defendant.

Case No.:

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

**I. THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §§ 1679, ET SEQ. (“CROA”);**
**II. CALIFORNIA’S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. (“UCL”)**
**III. THE FAIR DEBT SETTLEMENT PRACTICES ACT, CAL. CIV. CODE §§ 1788.301, ET SEQ.(“FDSPA”);**
**IV. NEGLIGENCE;**
**V. NEGLIGENT MISREPRESENTATION;**
**VI. INTENTIONAL MISREPRESENTATION;**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff Phillip Beamon ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, the "Class" or "Class members") brings this class action against Defendant F10 Financial Group, LLC. d/b/a Optimal Debt Solutions ("Defendant") for its unlawful conduct as a credit repair organization offering credit repair services, unfair and deceptive business practices, and negligence, which conduct caused Plaintiff and the Class damages.

2. In enacting the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA"), Congress declared that "[c]ertain advertising and business practices of some companies engaged in the business of credit repair services have worked a financial hardship upon consumers, particularly those of limited economic means and who are inexperienced in credit matters." 15 U.S.C. § 1679(a)(2).

3. The purpose of the CROA is (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b)(1); 15 U.S.C. § 1679(b)(2).

4. CROA prohibits a variety of false and misleading statements, and fraud, by credit repair organizations ("CROs"). CROs may not receive payment before any promised service is "fully performed." Services must be under written contract, which must include detailed descriptions of services and contract performance time. CROs must also provide consumers with separate written disclosure statements describing the consumer's rights before entering into the contract. Consumers can sue to recover the greater of the amount paid or actual damages, punitive damages, costs, and attorney's fees for violations.

5. Plaintiff alleges that Defendant operates an elaborate scheme to defraud debtors that preys on consumers who are drowning in credit card and unsecured debt. Defendant targets consumers like Plaintiff, specifically those with larger debts, who



KAZEROUNI LAW GROUP, APC

are unable to make minimum payments or who will soon be unable to make such payments or who have a less-than-ideal credit history and/or score.

6. Defendant fraudulently claims to act as a credit repair and debt relief company that offers credit repair and debt settlement services in an attempt to avoid strict consumer protection regulations enacted to protect vulnerable and unknowing consumer debtors.

7. Plaintiff alleges that Defendant violated: (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq*.; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*., and (iii) California's Fair Debt Settlement Practices Act, Cal. Civ. Code §1788.300, *et seq*., and as a result is also liable for (iv) negligence; (v) negligent misrepresentation; and, (vi) intentional misrepresentation.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

11. This action arises out of Defendant's violations of (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq*.; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*.; (iii) California's Fair Debt Settlement Practices Act §§ 1788.300, *et seq*.; (iv) negligence; (v) negligent misrepresentation; and, (vi) intentional misrepresentation.

12. Jurisdiction of this Court arises over Plaintiff's claims under federal

question based on Defendant's violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA") pursuant to 28 U.S.C. § 1331; and, pursuant to 28 U.S.C. § 1367 for supplemental state law claims.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within and caused harm to Plaintiff within this judicial district; (iii) the agreement entered into between Defendant and Plaintiff was executed in this judicial district; and (iv) Defendant conducts business within this judicial district.

**PARTIES**

15. Plaintiff is a natural person who resides in the County of Riverside, State of California, who contracted with Defendant based on Defendant's representation that it would sell, provide, or perform a service for the purpose of advising or assisting Plaintiff to improve Plaintiff's consumer credit record, history, or rating.

16. Defendant is a single-member limited liability company, organized under the laws of the State of Florida, that conducts business in the State of California with its principal office located at 1655 Palm Beach Lakes Blvd., Suite 222 West Palm Beach, Florida 33401-2208.

17. Defendant is a "credit repair organization" as defined by 15 U.S.C. § 1679a(3)(A) providing "credit repair services" as defined by 15 U.S.C. § 1679b.

18. Plaintiff and Defendant are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17206 authorizes a private right of action on both an individual and representative basis.

19. Defendant's debt consolidation and/or credit repair services constitute "services" as defined pursuant to Civil Code Section 1761(b).

20. Plaintiff and Defendant are each "person[s]" as defined by Cal. Civ.



KAZEROUNI LAW GROUP, APC

Code § 1788.301(e).

21. Defendant is a "debt settlement provider" as defined by Cal. Civ. Code § 1788.301(a) and a "payment processor" as defined by Cal. Civ. Code § 1788.301(h).

22. Defendant offers "debt settlement services" as defined by Cal. Civ. Code § 1788.301(b)(1) and "payment processing services" as defined by Cal. Civ. Code § 1788.301(i).

23. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.301(d).

24. Plaintiff's contract with Defendant pertained to his "debts" as defined by Cal. Civ. Code § 1788.301(g) which are the basis for his "settlement account" as defined by Cal. Civ. Code § 1788.301(c).

## FACTUAL ALLEGATIONS

25. Sometime prior to 2024, Plaintiff is alleged to have incurred certain financial obligations to several original creditors that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore debts.

26. In or around April 2024, Plaintiff contracted with Defendant in an attempt to fix, remedy, and/or consolidate Plaintiff's debts and credit.

27. At all relevant times, Defendant was in the business of providing debt relief services to consumers, claiming that Defendant' "debt relief program is designed to get you out of debt as fast as possible for a lower monthly payment that you can afford."[1]

28. Not only are these claims deceptive and misleading, but they are false.

29. The services claimed to be offered by Defendant include debt consolidation loans, credit counseling, and debt settlement.

30. On April 29, 2024, Plaintiff contracted with Defendant with the intention of having Defendant restructure Plaintiff's debts and repair Plaintiff's credit.

---

[1] Optimal Debt Solutions, *Optimal Debt Solutions – Debt Management & Relief Company*, https://optimaldebtsolutions.com/(last visited November 20, 2025).



KAZEROUNI LAW GROUP, APC

31. The contract between Plaintiff and Defendant failed to provide the pre-contract disclosures as required by Cal. Civ. Code § 1788.302 (b)(1).

32. Defendant failed to provide Plaintiff the separate written consumer disclosure required by 15 U.S.C. § 1679c(a) prior to the execution of the contract.

33. The contract between Plaintiff and Defendant specified each debt owed by Plaintiff and outlined an "Estimated Program Length" of 46 months at a Payment Amount of $205.00 a month, totaling "Estimated Program Cost" in the amount of $9,418.60, plus other fees and charges as described below.

34. Defendant charged Plaintiff a premium for its consolidation services at 25% of Client's debt amount at time of enrollment.

35. Defendant charged Plaintiff for a Protection Plan with an upfront fee of $400.00 and a $35.00 monthly fee.

36. Defendant had charged Plaintiff all these fees without haven earned it and before it had even provided any services.

37. Plaintiff provided a bank account for Defendant to receive the monthly payment from.

38. Plaintiff detrimentally relied on Defendant's restructuring.

39. In commencing the contract, Plaintiff provided a blank check for Defendant to access his private banking information to retrieve settlement payments from.

40. Thereafter, Plaintiff relied on Defendant's restructuring plan to perform as promised.

41. Defendant's self-proclaimed ability to get you out of debt as fast as possible for a lower monthly payment you can afford is quite the opposite in fact. The terms of the contract and structural breakdown of fees, costs, and reserves, are fairly confusing and deceitful, as further established by their Yelp page, which reflects

KAZEROUNI LAW GROUP, APC

numerous one-star reviews and complaints from consumers.[2]

42. On June 21, 2024, Plaintiff paid Defendant $205.

43. Plaintiff has paid Defendant on a monthly basis consistently.

44. Per contract terms, Client is responsible for monthly maintenance fees or other charges by any third-party administrator.

45. Plaintiff has paid Defendant a total amount around $2,425.

46. Despite the financial means provided to Defendant to pay debts, which were to be saved in a dedicated account, seven of the Plaintiff's nine debts remain unpaid and two the debts have increased in value.

47. Plaintiff fully entrusted Defendant to fulfill their fiduciary promise and contractual obligations.

48. Plaintiff believed Defendant was using the money from his account to pay off his preexisting debts, yet Defendant failed to pay off numerous account balances.

49. Defendant made a profit off of Plaintiff's debt because Defendant was not paying off preexisting debts or balances as contractually agreed upon.

50. Plaintiff remains in increasing debt despite payments to Defendant, and the completion of Defendant's Debt Resolution Program.

51. Despite Plaintiff paying over $2,400, Defendant failed to perform as promised.

52. Faced with unjustified increases in charges and persistent creditor collections and looming lawsuits, Plaintiff attempted to cancel his faulty contract with Defendant and obtain a refund to fulfill his obligations to creditors. Per Defendant's contract, Plaintiff was purportedly able to terminate the agreement at any time for any reason, and all funds in Plaintiff's Dedicated Account were to be refunded to Plaintiff.

---

[2] https://www.yelp.com/biz/optimal-debt-solutions-west-palm-beach (last accessed Sep. 10, 2025).



KAZEROUNI LAW GROUP, APC

53. Defendant refused to refund Plaintiff any portion of the $2,425.

54. Despite substantial payments made to Defendant, none of the money was applied toward reducing Plaintiff's debts as promised by Defendant.

55. Defendant exploited Plaintiff for financial gain.

56. Through the aforementioned conduct, Defendant violated 15 U.S.C. § 1679b(a)(3) by making an untrue or misleading representation regarding its debt settlement services.

57. Through the aforementioned conduct, Defendant violated 15 U.S.C. § 1679b(a)(4) by engaging directly or indirectly in any act, practice, or course of business that constitutes or results in the commission or attempt to commit a fraud or deception on a person in connection with the sale of Defendant's debt settlement services.

58. Through the aforementioned conduct, Defendant violated 15 U.S.C. § 1679b(b) by charging or receiving payment in advance for the performance of services the Defendant had agreed to perform for Plaintiff before the service was fully performed.

59. Through the aforementioned conduct, Defendant violated California Fair Debt Settlement Practices Act by failing to provide Plaintiff with the pre-contract disclosures as required by Cal. Civ. Code § 1788.302 (b)(1).

60. Through the aforementioned conduct, Defendant violated California Fair Debt Settlement Practices by failing to provide clear and accurate disclosures to Plaintiff regarding the conditions and timeline of his debt consolidation. Cal. Civ. Code § 1788.302 (b)(2).

61. Through the aforementioned conduct, Defendant violated the California Fair Debt Settlement Practices by receiving payment for services without first providing services. Cal. Civ. Code § 1788.302 (c)(2)(C).

62. Through the aforementioned conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq*. and engaged in business practices



KAZEROUNI LAW GROUP, APC

that are unlawful because Defendant violated the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq*. as well as the California Fair Debt Settlement Practices, Cal. Civ. Code §§ 1788.300 *et seq*.

63. Through the aforementioned conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq*. and engaged in business practices that are unfair because Defendant did not fully disclose material information regarding its program to Plaintiff and misrepresented the services provided by Defendant.

64. Through its unfair business practices, Defendant gains a competitive advantage over competitors who comply with the CROA and Bus. & Prof. Code § 17200, thereby receiving more money from, and causing injury to, Plaintiff and other unsuspecting consumers.

65. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

66. Through the aforementioned conduct, Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. and engaged in business practices that are deceptive because Defendant misrepresented to Plaintiff that Defendant was taking action on Plaintiff's behalf and took Plaintiff's money with no intention of assisting Plaintiff out of his debts.

67. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*.

68. Defendant's conduct is likely to deceive the public who are likely to believe that Defendant may contractually charge a retainer fee and/or service fee with

no intention of providing any services to unsuspecting members of the public.

69. As a result of each and every violation of the UCL, Plaintiff is entitled to damages pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. as a result of Defendant's unlawful, unfair, and deceptive business practices. Defendant is liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest.

70. Consumers are further misled into believing that Defendant's program will result in full debt relief. However, Defendant does not inform clients what participation is required, fails to stay in contact with clients, and fails to take any action on a client's behalf.

71. Plaintiff, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its program would eliminate Plaintiff's debt.

72. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

73. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff, thereby unjustly enriching Defendant.

74. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code §§ 17200, *et seq*.

75. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.



KAZEROUNI LAW GROUP, APC

76. Through this conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq*. by engaging in business practices that are unlawful, unfair, or fraudulent.

77. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's misleading representations.

78. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth by Defendant.

**CLASS ACTION ALLEGATIONS**

79. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent and intends to seek certification of a class (the "Class") defined as:

> **All persons in the United Stated who entered into a Debt Resolution Agreement with Defendant between April 29, 2020, and April 29, 2024.**

80. Excluded from the Class is: (1) Defendant and its respective officers, directors, employees, principals, affiliated entities, controlling entities, agents, and other affiliates; (2) the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact, or assignees of such persons or entities described herein; and (3) the Judge(s) assigned to this case and any members of their immediate families.

81. Certification of Plaintiff's claims for class wide treatment is appropriate because Plaintiff can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

82. Plaintiff reserves the right to, after conducting discovery, modify,



KAZEROUNI LAW GROUP, APC

expand, or amend the above Class definition or to seek certification of a class or Classes defined differently than above before any court determines whether certification is appropriate.

83. The Class members are so numerous and geographically dispersed that joinder of all Class members would be impracticable. While the exact number of Class members is unknown, based on information and belief, the Class consists of tens of thousands of individuals, including Plaintiff and the Class members. Plaintiff therefore believe that the Class is so numerous that joinder of all members is impractical. Class members can be identified from Defendant's records of executed agreements and billing/payment data.

84. Plaintiff's claims are typical of those of the Class because Defendant used standardized debt settlement form agreements and uniform business practices that failed to comply with the disclosure and fee requirements of the FDSPA and CROA. Plaintiff and Class members all suffered economic injury as a result of Defendant's unlawful conduct.

85. Defendant uses substantially the same form agreements and scripts in all consumer transactions, and the required pre-contract disclosures are absent from these uniform materials.

86. There is a well-defined community of interest in the common questions of law and fact affecting Class members. The questions of law and fact common to Class members predominate over questions affecting only individual Class members, and include without limitation:

a. whether Defendant is a "debt settlement provider" offering "debt settlement services" within the meaning of Cal. Civ. Code § 1788.301;
b. whether Defendant failed to provide the pre-contract written disclosures required by Cal. Civ. Code § 1788.302(b)(1) to Plaintiff and Class members before entering into a debt settlement agreement;
c. whether Defendant charged or received payment of any fee prior to fully



KAZEROUNI LAW GROUP, APC

performing the promised debt settlement services in violation of Cal. Civ. Code § 1788.302(c);

d. whether Defendant made misrepresentations or omissions regarding the nature, benefits, timing, or performance of its debt settlement services;

e. whether Defendant's conduct violated 15 U.S.C. §§ 1679, et seq. (CROA), including by collecting advance fees or making misleading representations;

f. whether Defendant's conduct constitutes unlawful, unfair, or fraudulent business practices under Cal. Bus. & Prof. Code § 17200, et seq.;

g. whether Defendant retained fees collected from Plaintiff and the Class to which it was not legally entitled;

h. whether Plaintiff and Class members sustained economic injury as a result of Defendant's conduct; and

i. whether Plaintiff and Class members are entitled to restitution, damages, statutory penalties, punitive damages, and/or injunctive relief.

87. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff is an adequate representative of the Class in that Plaintiff has no interests adverse to or that conflicts with the Class Plaintiff seeks to represent. Plaintiff has retained counsel with substantial experience and success in the prosecution of complex consumer protection and consumer privacy class actions of this nature.

88. A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation would be cost-prohibitive and inefficient, and because the statutory issues at stake are common across the Class and subject to uniform proof. Furthermore, the expenses and burden of individual litigation would make it difficult or impossible for the individual members of the Class to redress the wrongs done to them, especially given that the damages or injuries suffered by each individual member of the Class are outweighed



KAZEROUNI LAW GROUP, APC

by the costs of suit. Even if the Class members could afford individualized litigation, the cost to the court system would be substantial and individual actions would also present the potential for inconsistent or contradictory judgments. By contrast, a class action presents fewer management difficulties and provides the benefits of single adjudication and comprehensive supervision by a single court.

89. Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to grant final injunctive, including public injunctive relief, and declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

### 15 U.S.C. §§ 1679, *ET SEQ.* (CROA)

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions constitute numerous and multiple violations of the CROA.

92. Defendant is a Credit Repair Organization ("CRO") because Defendant uses e-mail, mail, and/or websites to sell, provide, or perform any service in return for the payment of money for the express purpose of reconsolidating any consumer's debts. 15 U.S.C. § 1679a(3).

93. Moreover, Defendant convinces consumers to enroll in its program based on the misleading representation that its program is superior to other services, despite no real indication that action will be taken on a consumer's behalf, because consumers will be able to utilize Defendant's services, which are not sufficiently described, in order to mend a consumer's debts.

94. Additionally, Defendant violated 15 U.S.C. § 1679b(b) by accepting payment from the Plaintiff before performing any of the agreed-upon services.



KAZEROUNI LAW GROUP, APC

95. As a result of each and every violation of the CROA, Plaintiff requests actual damages, punitive damages, and attorneys' fees pursuant to 15 U.S.C. § 1679g.

**COUNT II**

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**BUS. & PROF. CODE §§ 17200, *ET SEQ.* (UCL)**

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the California's Unfair Competition Law ("UCL").

98. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

99. By and through Defendant's conduct alleged herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

**A. "Unlawful Prong"**

100. Beginning at a date currently unknown through the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq*.

101. Through this conduct, Defendant violated California Business and Professions Code §§ 17200, *et seq*. and engaged in business practices that are unlawful because they violate the California Fair Debt Settlement Practices Act ("FDSPA"), Cal. Civ. Code § 1788.301(b)(1), as well Credit Repair Organizations





KAZEROUNI LAW GROUP, APC

Act ("CROA"), 15 U.S.C. §§ 1679, *et seq*.

**B. "Unfair" Prong**

102. Beginning at a date currently unknown and continuing through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Cal. Bus. & Prof. Code §§ 17200, *et seq*.

103. Through this conduct, Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. and engaged in business practices that are unfair because Defendant did not fully disclose material information required by the FDSPA and failed to take any action on Plaintiff's behalf after indicating Defendant would do so.

104. As a result of its unfair business practices, Defendant gains a competitive advantage over competitors who comply with the FDSA, CROA and Cal. Bus. & Prof. Code §§ 17200, *et seq*., thereby receiving more money from, and causing injury to, unsuspecting consumers.

105. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

**C. "Unfair, Deceptive, Untrue, or Misleading Advertising" Prong**

106. Defendant's advertising is also unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with board certified credit consultants when those individuals are merely Defendant's sales representatives.

107. Consumers are further misled into believing that Defendant's program will result in a net benefit debt relief if they fully participate. However, Defendant does not inform clients what sort of participation is required, fails to maintain contact with clients, and fails to take any action on a client's behalf.

108. Plaintiff, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its



KAZEROUNI LAW GROUP, APC

program would reduce Plaintiff's debt and improve Plaintiff's long-term credit scores, credit reports, or credit ratings.

109. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

110. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff, thereby unjustly enriching Defendant.

111. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200, *et seq*.

112. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

113. Through this conduct, Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. by engaging in business practices that are unlawful, unfair, or fraudulent.

114. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, such as Plaintiff, who provided money to Defendant based on Defendant's misleading representations.

115. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations related to Defendant's services.



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## COUNT III
## CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT
## CAL. CIV. CODE §§ 1788.301, *ET SEQ.*

116. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

117. The foregoing acts and omissions constitute numerous and multiple violations of the California Fair Debt Settlement Practices Act ("FDSPA").

118. Defendant is a "Debt Settlement Provider" because Defendant received compensation in exchange for providing debt settlement services. Cal. Civ. Code § 1788.301(a).

119. Notably, Defendant violated the FDSPA by failing to provide Plaintiff with the required pre-contract disclosures, as mandated by law. Cal. Civ. Code § 1788.302(b)(1).

120. Defendant also violated the FDSPA in engaging in deceptive acts which mislead Plaintiff into entrusting Defendant with his financial matters. Cal. Civ. Code § 1788.302(a).

121. Defendant also violated the FDSPA for receiving payment from Plaintiff prior to performing any promised service. Cal. Civ. Code § 1788.302(c)(2)(A)-(C).

122. Defendant's program purports benefits that are inadequately described, lacking transparency and leading consumers to believe that Defendant's services will resolve their debts, which may not be the case. Cal. Civ. Code § 1788.302(b)(2)(D). Further, Defendant violated the FDSPA by failing to provide Plaintiff with timely, factual and understandable updates regarding the status of his account. *Id.*

123. As a result of each and every violation of the FDSPA, Plaintiff requests an amount equivalent to three times the amount of actual damages, which shall include damages for the amount of a judgment issued in connection with an abusive litigation, and any other expenses, costs, or reasonable attorney's fees incurred in connection with this action pursuant to Cal. Civ. Code § 1798.305.

## COUNT IV

## NEGLIGENCE

124. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to CROA; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and Cal. Civ. Code § 1788.301, *et seq.*; Specifically, Defendant owed a duty to Plaintiff with regard to the manner in which Defendant operates its company.

126. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the FDSA; CROA; and Cal. Bus. & Prof. Code §§ 17200, *et seq.*

127. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

128. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

129. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## COUNT V

## NEGLIGENT MISREPRESENTATION

130. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

131. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant made representations to Plaintiff that misrepresented the quality of the services offered and benefits that would be realized by Plaintiff.

132. Defendant, at all times relevant, had a pecuniary interest in the



KAZEROUNI LAW GROUP, APC

transaction.

133. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant did not exercise reasonable care or competence in obtaining or communicating the information regarding the credit repair services offered by Defendant.

**COUNT VI**

**INTENTIONAL MISREPRESENTATION**

134. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

135. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally and willfully misrepresented quality of the services offered and benefits that would be realized by Plaintiff.

136. Said representations were material misrepresentations.

137. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant made the false representations to Plaintiff with full knowledge of their falsity.

138. Plaintiff entered into a contract with Defendant based solely on the representations made by Defendant. Therefore, Plaintiff is informed and believes and thereon alleges, that at all relevant times Defendant intended that Plaintiff rely on the representations made by Defendant.

139. Plaintiff did in fact rely on the misrepresentations by Defendant, which led to Plaintiff suffering harm and damages as a result.

**PRAYER FOR RELIEF**

140. Plaintiff, individually and on behalf of the Class, respectfully requests that (i) this action be certified as a class action, (ii) Plaintiff be designated a representative of the Class, (iii) Plaintiff's counsel be appointed as counsel for the Class.

141. Plaintiff, individually and on behalf of the Class, further requests that

upon final trial or hearing, judgment be awarded against Defendant as follows:

- General damages according to proof;
- Special damages according to proof;
- Fees and Costs of suit incurred herein;
- As a result of each and every violation of the CROA, an award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1)(A)-(B);
- An award of punitive damages, in such amount as the court may allow, pursuant to 15 U.S.C. § 1679g(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 5 U.S.C. § 1679g(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Bus. & Prof. Code § 17206(b);
- An award of damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.305(b)(1);
- As a result of each and every violation of the Cal. Civ. Code § 1788.300 et seq., an award of statutory damages no less than one thousand dollars ($1,000) and no more than five thousand dollars ($5,000) per violation of Cal. Civ. Code §§ 1788.300 et seq.;
- Injunctive relief pursuant to Cal. Civ. Code § 1788.305(b)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.305(c);
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- Punitive damages; and
- Any and all other relief the Court deems just and proper.

///

///

///

**TRIAL BY JURY**

142. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: December 18, 2025

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *<u>/s/Gustavo Ponce</u>*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC